UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PITCHOU MWAMBA,<br><br>    Plaintiff.<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY;<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES;<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security;<br><br>KIKA SCOTT, in her official capacity as Acting Director of U.S. Citizenship and Immigration Services; and<br><br>MEGHANN BOYLE, in her official capacity as Director of the USCIS Boston Asylum Office,<br><br>    Defendants. | Case No.: 1:25-cv-11596<br><br>A-Number A209015103. |

**COMPLAINT FOR WRIT OF MANDAMUS AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURES ACT**

1.      Plaintiff Pitchou Mwamba ("Plaintiff") filed an application for asylum protection with the U.S. Citizenship and Immigration Services ("USCIS") on April 6, 2016. USCIS has not adjudicated Plaintiff's asylum claim within a reasonable time, as required by law, although it has been pending for over 9 years.

2. Plaintiff respectfully requests that the Court issue an order compelling Defendants, and those acting under them, to take all appropriate action to adjudicate Plaintiff's asylum claim without further delay.

## JURISDICTION

3. This case arises from the failure of agents of the United States to adjudicate Plaintiff's asylum application within a reasonable time under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, the regulations implementing the INA, and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq.*

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and jurisdiction under the Mandamus Act pursuant to 28 U.S.C. § 1361. The court may grant injunctive relief pursuant to 5 U.S.C. §§ 701 and 706, as well as 28 U.S.C. § 1361. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

## VENUE

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(e) because Defendants, who are all agencies of the United States, or officers or employees thereof, acting in their official capacity or under color of legal authority, reside and/or maintain their offices in this district.

## PARTIES

6. Plaintiff currently resides in the state of Maine. Plaintiff has applied for asylum in the United States and is not in removal proceedings.

7. Defendant Department of Homeland Security ("DHS") is the federal agency statutorily responsible for adjudicating asylum claims from persons who are not in removal proceedings.

8. Defendant USCIS is the DHS component that adjudicates asylum applications from persons who are not in removal proceedings.

9.      Defendant Kristi Noem ("Noem"), in her capacity as Secretary of Homeland Security, is the highest-ranking DHS official. Noem, by and through DHS and the DHS component USCIS, is responsible for the implementation of the INA and for ensuring compliance with federal laws that include the APA. Noem is sued in her official capacity.

10.     Defendant Kika Scott ("Scott"), in her capacity as the Acting Director of USCIS, is the highest-ranking USCIS official. Scott is responsible for implementing the INA and ensuring compliance with federal laws, including the APA. Scott is sued in her official capacity.

11.     Defendant Meghann Boyle ("Boyle"), in her capacity as the Director of the Boston Asylum Office, is the USCIS official with responsibility for adjudicating Plaintiff's asylum application. Boyle is sued in her official capacity.

## BACKGROUND

12.     USCIS confirmed receipt of Plaintiff's asylum application on April 6, 2016.

13.     USCIS's Boston Asylum Office is the federal office responsible for adjudicating Plaintiff's asylum application. This process includes collecting biometric data for the applicant, conducting an interview with the applicant, and ultimately issuing a decision by an Asylum Officer adjudicating the asylum claim.

14.     Over 9 years have passed since Plaintiff applied for asylum, yet USCIS has not adjudicated the claim. In fact, USCIS has not even scheduled an asylum interview.

15.     Plaintiff contacted Defendants to request that Plaintiff's case be adjudicated as soon as possible. Defendants unequivocally refused to do so.

16.     Defendants currently schedule asylum interviews on a last in, first out basis. This policy schedules asylum interviews based on three priorities: (1) applications that were scheduled for an interview, but the interview was rescheduled; (2) applications that have been pending 21 days or

less; and (3) all other pending asylum applications *starting with newer filings and working backward* to older filings. Plaintiff falls into the third category. Because the number of new asylum claims filed on a daily basis is larger than the number of asylum interviews scheduled per day, and because Defendants do not in practice dedicate resources to reviewing cases out of the backlog, Plaintiff's application will *never* be scheduled for an interview or fully adjudicated under Defendants' scheduling policies. This is clearly unreasonable. Plaintiff lacks any other effective remedy to resolve this issue without the action of the Court.

17. Defendants' inaction in adjudicating Plaintiff's case has caused Plaintiff irreparable harm. Plaintiff's ability to secure stable immigration status and the benefits that come with it is hindered by Defendants' refusal to act on Plaintiff's asylum claim. Plaintiff cannot obtain lawful permanent resident status for at least one year after being granted asylum, and then must wait for four years after becoming a permanent resident to be eligible to apply to naturalize as a U.S. citizen and receive all the benefits thereof. Plaintiff has difficulty finding financial stability as Plaintiff is unable to apply for jobs that require lawful permanent residence. Plaintiff further cannot benefit from certain forms of federal financial aid available to asylees. Without asylee status, Plaintiff's ability to leave and reenter the United States is limited. Nor can Plaintiff petition for eligible family members to join Plaintiff in the United States or gain lawful status in the country. Plaintiff further continues to suffer from the mental stress of fearing a return to Plaintiff's home country, and the persecution that awaits. The result is that Plaintiff is unable to plan for the future or find peace of mind.

## CAUSES OF ACTION

### Count I

**(Violation of the Administrative Procedures Act)**

18. All of the foregoing allegations are repeated and realleged in this section as though fully set forth herein.

19. The INA grants Plaintiff the right to apply for asylum. 8 U.S.C. § 1158(a)(1). Both federal courts and federal regulations implementing the asylum provisions impose a non-discretionary duty on Defendants to adjudicate asylum applications. *See* 8 C.F.R. § 208.9(a) ("USCIS shall adjudicate the claim of each asylum applicant…"). The APA in turn creates a non-discretionary duty to conclude such matters "within a reasonable time." *See* 5 U.S.C. § 555(b) (stating that an agency "shall proceed to conclude a matter presented to it" within a "reasonable time"). Where an agency unlawfully fails to take a non-discretionary action, the APA provides that "[t]he reviewing court *shall* . . . compel agency action withheld or unreasonably delayed." *See* 5 U.S.C. § 706(1) (emphasis added).

20. Defendants have not adhered to their non-discretionary duty to adjudicate Plaintiff's asylum application within a reasonable time. Plaintiff's application has been pending before USCIS for over 9 years. During that time, Defendants have failed to even schedule an initial interview, much less fully adjudicate the claim. Nor will Plaintiff's application *ever* be scheduled for an interview in light of Defendant's last in, first out policy, given that more asylum applications are received than the number of interviews scheduled on a daily basis and Defendants do not in practice dedicate resources to reviewing cases out of the backlog.

21. This delay is unreasonable in light of the fact that: (1) Plaintiff's interview will *never* be scheduled under current policies; and (2) the delay is over 73 times the instructive deadlines set

out by both Congress and DHS for performance of these duties. It is further unreasonable due to the harm this delay has caused to Plaintiff's welfare.

22. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including requesting that Plaintiff's case be processed. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

## Count II

### (Mandamus Act)

23. All of the foregoing allegations are repeated and realleged in this section as though fully set forth herein.

24. The Mandamus Act, 28 U.S.C. § 1361, authorizes the Court to compel an officer or employee of the United States, or any agency thereof, to perform a duty owed to a plaintiff.

25. Plaintiff has a right to the relief requested - adjudication of Plaintiff's asylum claim within a reasonable time. Defendants, as the governmental agents and agencies responsible for adjudicating the application, have a legal duty to act in a reasonable time. Defendants owe that duty to Plaintiff as an applicant for an immigration benefit.

26. Defendants have breached their duty owed to Plaintiff by failing to adjudicate Plaintiff's asylum claim, or even schedule an interview, in over 9 years. Nor will Plaintiff's application *ever* be scheduled for an interview in light of Defendant's last in, first out policy, as more asylum applications are received than interviews scheduled on a daily basis.

27. This delay is unreasonable in light of the fact that: (1) Plaintiff's interview will *never* be scheduled under current policies; and (2) the delay is 73 times the instructive deadlines set out by

both Congress and the DHS for performance of these duties. It is further unreasonable due to the harm this delay has caused to Plaintiff's welfare.

28.     Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including requesting that Plaintiff's case be processed. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Assume jurisdiction over this action;

2. Issue an order compelling Defendants to (i) conduct Plaintiff's asylum interview within the next 30 days; and (ii) issue a decision on Plaintiff's asylum claim in the 30 days following Plaintiff's interview;

3. Issue an order compelling Defendants to provide the court and Plaintiff with regular status updates on Plaintiff's pending asylum claim, including Plaintiff's position in the backlog, until the claim is fully adjudicated;

4. Award Plaintiff attorney fees, legal interests, and costs expended in this matter, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; *and*

5. Grant such other and further relief as the Court may deem just and proper.

**Respectfully submitted,**

By: **/s/ Joshua L. Goldstein**
JOSHUA GOLDSTEIN
Goldstein Immigration Lawyers
611 Wilshire Blvd, Suite 317
Los Angeles, CA 90017
Telephone: (213)425-1979
Email: jg@jgoldlaw.com
United States District Court for the District of Massachusetts Bar No. MA BBO# 644450

**Dated:**  June 3, 2025